UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERYLIN F. BERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | 2:12-CV-01816-PMP-PAL <br><br> <u>ORDER</u> |

Presently before the Court is Plaintiff Cherylin F. Berman's ("Berman") Application for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #20), filed on June 20, 2014.[1] Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"),[2] filed an Opposition (Doc. #21) on June 26, 2014. Berman filed a Reply (Doc. #22) on July 10, 2014.

---

[1] Berman's counsel failed to redact Berman's social security number in the exhibits to this Application, in contravention of United States District Court, District of Nevada Special Order No. 108. Special Order 108 provides that "parties shall refrain from including, or shall partially redact" social security numbers. To protect Berman's personal identification information, the Clerk of Court shall seal Berman's Application for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #20) in its entirety. Berman's counsel shall re-file the entire Application, including all exhibits, with appropriate redactions to all exhibits per Special Order No. 108, for the public record within fifteen (15) days from the date of this Order.

[2] The Commissioner notes that she became the Acting Commissioner of Social Security on February 14, 2013, after this case was filed. (Notice of Mot. & Mot. to Remand (Doc. #5) at 1, n.1.) The Clerk of Court therefore shall substitute Carolyn W. Colvin for Michael J. Astrue as the defendant in this case.

1    The parties are familiar with the facts of this case, and the Court will not repeat
2 them here except where necessary.  Berman filed suit in this Court seeking review of the
3 Commissioner's denial of Berman's request for Social Security disability insurance benefits
4 based on chronic interstitial cystitis and other problems.  (Compl. (Doc. #1).)  Rather than
5 answering the Complaint, the Commissioner moved to remand, arguing it was unclear
6 whether the administrative law judge had considered certain evidence in the electronic
7 claims file that had not been marked as exhibits.  (Not. of Mot. & Mot. to Remand (Doc.
8 #5).)  Berman opposed the motion to remand, and subsequently objected to the Magistrate
9 Judge's report and recommendation in which the Magistrate Judge recommended that the
10 case be remanded.  (Opp'n to Def.'s Mot. to Remand this Case Pursuant to Sentence Six of
11 42 U.S.C. § 405(g) (Doc. #6); Objection to Magistrate's Findings & Recommendations
12 (Doc. #9).)  The Court overruled Berman's objection and remanded the case to the
13 Commissioner for a de novo hearing before the administrative law judge.  (Order (Doc.
14 #11).)  On remand, the administrative law judge issued a decision in Berman's favor, and
15 the Court subsequently entered Judgment in Berman's favor.  (Order (Doc. #18) at 1; J.
16 (Doc. #19).)

17    Berman now moves for attorney's fees under the Equal Access to Justice Act, 28
18 U.S.C. § 2412(d) ("EAJA"), and the Social Security Act, 42 U.S.C. § 406(b).  Berman
19 argues she is entitled to attorney's fees under the EAJA in the amount of $10,716.68, which
20 represents the fee for 58.10 hours of attorney time.  Berman further argues she is entitled to
21 attorney's fees under § 406(b) in the amount of $12,405.48, which represents twenty-five
22 percent of Berman's past-due benefits that she agreed to pay her attorney under a
23 contingency fee agreement.  The Commissioner does not dispute that Berman is entitled to
24 attorney's fees under the EAJA, but opposes the amount requested, arguing that the
25 $10,716.68 request for 58.10 hours of work is unreasonable and that Berman only has
26 satisfied her burden of showing the reasonableness of $1,597.39 in EAJA fees for 7.6 hours.

The Commissioner does not dispute that Berman is entitled to $12,405.48 in attorney's fees under § 406(b).

The EAJA provides for the award of "fees and other expenses" to a prevailing party in a "civil action" against the United States for review of an agency action, unless the Court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] 28 U.S.C. § 2412(d)(1)(A).  The EAJA defines "fees and other expenses" to include "reasonable attorney fees."  Id. § 2412(d)(2)(A).  Fees and other expenses awarded under the EAJA are paid by the "agency over which the party prevails."  Id. § 2412(d)(4).

Section 406(b) provides that the Court may award reasonable attorney's fees, "not in excess of 25 percent of the total of the past-due benefits," when the Court renders a judgment in favor of a Social Security claimant.  Unlike EAJA fee awards, which the government pays, fee awards under § 406(b) are paid directly out of the claimant's past-due benefits.  Id. § 406(b)(1)(A).  The Court may award attorney's fees under both the EAJA and § 406(b) for the same services, but the claimant's attorney must refund to the claimant the amount of the smaller fee.  Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217-19 (9th Cir. 2012).  This maximizes the award of past-due benefits to the claimant and avoids giving double compensation to the attorney.  Id. at 1218 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

**I.  EAJA FEES**

To determine a reasonable attorney's fee under the EAJA, the Court applies the "lodestar" method by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (per curiam) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)) (stating that case law

---

[3] The Commissioner does not contend the agency's position was substantially justified. (Opp'n to Appl. for Award of Attorney Fees (Doc. #21) at 2 n.1.)

regarding what constitutes a reasonable fee under other federal fee-shifting statutes applies to the EAJA). The lodestar amount is a presumptively reasonable fee. Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008). Although presumptively reasonable, the Court may adjust the lodestar based on the Kerr factors[4] "to account for factors not already subsumed within the initial lodestar calculation." Id. The party seeking EAJA fees bears the burden of establishing entitlement to fees and submitting supporting evidence. See Hensley, 461 U.S. at 433. The Court may reduce an award based on inadequate documentation of hours or rates requested. Id. It is within the Court's discretion whether to grant EAJA fees. Costa, 690 F.3d at 1135.

**A. Reasonable Hourly Rate**

Berman requests an hourly rate of $179.21 for hours her attorney worked in 2011, $182.91 for hours worked in 2012, $185.59 for hours worked in 2013, and $188.87 for hours worked in 2014. After accounting for inflation, these rates are within the adjusted statutory maximum hourly rate set forth in the EAJA. 28 U.S.C. § 2412(d)(2)(A)(ii) (providing that a higher fee than the statutory maximum of $125.00 per hour may be awarded if "the court determines that an increase in the cost of living . . . justifies a higher fee."); see also Appl. for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and to

---

[4] The Kerr factors bearing on the reasonableness of a fee are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales v. City of San Rafael, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975)).

4

the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ["Appl. for Attorney's Fees"] (Doc. #20), Ex. 3 at 6 (setting forth Berman's attorney's hourly rates as adjusted for inflation). Moreover, the Commissioner does not object to the reasonableness of these rates. The Court therefore will set Berman's attorney's rates at these amounts.

### B. Reasonable Hours Expended

Berman requests compensation for 58.10[5] hours of attorney work in representing Berman before this Court and the Social Security Administration. Berman contends the hours expended were reasonable, arguing that the time spent opposing the Commissioner's motion to remand was necessary because the Commissioner did not meet the good cause standard, because few cases receive favorable decisions on remand, and because of the delay to the case that would be occasioned by remand.

The Commissioner responds by identifying four categories of hours for which the Commissioner contends Berman should not receive fees. First, the Commissioner objects to all of the fees incurred in 2011 because they are related to the presentation of Berman's case to the Social Security Administration before the Complaint was filed in this case. The Commissioner similarly objects to the portion of the fees incurred in 2012 that are not related to Berman's case before this Court. Second, the Commissioner objects to the fees Berman incurred in opposing the Commissioner's motion to remand and objecting to the Magistrate Judge's report and recommendation, arguing the hours are excessive, redundant, or unnecessary, and therefore are unreasonable under the EAJA. Third, the Commissioner objects to various time entries in which redaction makes the entries' relation to the case unclear. Finally, the Commissioner objects to various time entries following the parties' stipulation to reopen and enter judgment on the grounds it is unclear how these hours are

---

[5] The table summarizing Berman's counsel's hours states that counsel incurred a total of 58.10 hours in this case. (Appl. for Attorney's Fees, Ex. 3 at 6.) However, the individual time entries amount to 47.50 hours. (Id. at 1-6.)

5

related to this case.

A reasonable number of hours expended means the number of hours an attorney reasonably could have billed to a private client. Costa, 690 F.3d at 1135. If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude billed entries pursuant to an hour-by-hour analysis. Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013). The prevailing party bears the burden of submitting billing records to establish that the hours requested are reasonable. Id. at 1202.

### 1. Administrative Proceedings

The Commissioner argues the 8.70 hours[6] incurred in 2011 should be deducted because these hours are related to Berman's presentation of her case to the Social Security Administration before the Complaint was filed in this case. The Commissioner similarly argues that 2.00 of the 4.20 hours[7] incurred in 2012 should be deducted because these hours do not appear to be related to this case. Berman does not directly reply to these arguments, but she argues that fees for representation before an administrative agency on remand are compensable under the EAJA if the Court retains jurisdiction.

The EAJA generally does not provide for the award of attorney's fees for administrative proceedings. See § 2412(d)(1)(A) (providing that a court may award fees incurred by a prevailing party in a "civil action"); W. Watersheds Project v. U.S. Dep't of the Interior, 677 F.3d 922, 926 (9th Cir. 2012) (stating that for the purposes of § 2412(d)(1)(A), a civil action "is a proceeding in a judicial court, not an administrative court."). The "narrow exception" to this rule is that "fees for administrative proceedings

---

[6] The table summarizing Berman's counsel's hours states that counsel incurred 9.70 hours in 2011. (Appl. for Attorney's Fees, Ex. 3 at 6.) However, the individual time entries for 2011 amount to 8.70 hours. (Id. at 5-6.)

[7] The table summarizing Berman's counsel's hours states that counsel incurred 13.20 hours in 2012. (Appl. for Attorney's Fees, Ex. 3 at 6.) However, the individual time entries for 2012 amount to 4.20 hours. (Id. at 5.)

can only be awarded under § 2412(d)(1)(A) if the district court ordered the further proceedings, and the district court action remained pending until the conclusion of the administrative proceedings." W. Watersheds Project, 677 F.3d at 926-27.

Here, the time entries from April 28, 2011, May 1, 2011, May 2, 2011, and May 7, 2011, are related to work performed before the Social Security Administration. Specifically, the entries for these dates document that Berman's counsel reviewed the administrative law judge's decision, conducted research regarding interstitial cystitis and Social Security rulings bearing on the disease, and drafted a brief to the Social Security Administration's Appeals Council.[8] Because Berman's counsel used block billing entries that group together multiple tasks, the entries for these dates also include other tasks, such as the telephone calls to Berman[9] on April 28, 2011, and May 7, 2011. However, Berman redacted the description of the telephone calls, and she does not provide the Court with evidence or argument indicating that the other tasks included in these entries were not related to the administrative proceedings. See Hensley, 461 U.S. at 433, 437; Gonzalez, 729 F.3d at 1202. Given that the EAJA does not permit compensation for work performed before an administrative agency before a civil action is filed and that the prevailing party bears the burden of submitting documentation to establish her entitlement to fees, the Court will deduct these entries totaling 7.40 hours.

As for the remaining 2011 entries dated May 10, 2011, August 31, 2011, September 17, 2011, and October 15, 2011, the redactions to these entries prevent the Court from determining whether the work performed was related to the administrative proceedings or was work performed in preparation of filing the Complaint in this case,

---

[8] The Court understands the abbreviation "AC" used in the billing entries to mean the Social Security Administration's Appeals Council.

[9] The Court understands the abbreviation "CB" used in the billing entries to mean Cherylin Berman.

which was filed in 2012. Berman does not dispute that the hours incurred in 2011 were for pre-litigation work performed before the Social Security Administration, nor does Berman provide unredacted copies of the billing entries that would allow the Court to determine whether the redacted entries were related to the administrative proceedings. Further, because these fees were incurred before remand, they do not fall within the narrow class of fees for administrative proceedings for which EAJA compensation may be available. The Court therefore will deduct the remaining 1.30 hours incurred in 2011, for a total reduction of 8.70 hours.

Regarding the hours incurred in 2012, the redactions to the entries dated September 10, 2012, and September 13, 2012, prevent the Court from determining whether the work performed was related to the administrative proceedings or was related to this case. As for the block billed entry dated November 17, 2012, the portion regarding correspondence to Berman does not contain sufficient detail for the Court to determine whether the correspondence was related to this case. The other portion of the block billed entry stating "[l]etter to SSA" appears to be related to the administrative proceedings, and Berman does not provide evidence indicating otherwise. The Court therefore will deduct 2.00 hours for the entries dated September 10, 2012, September 13, 2012, and November 17, 2012.

The Court will award 2.20 hours incurred on September 8, 2012, for preparation of the Complaint as these hours are related to the civil action, not the administrative proceedings. The Court similarly will award a total of 0.70 hours incurred on January 25, 2013, January 28, 2013, and March 18, 2013, related to the filing and service of the Complaint. The Commissioner does not object to these hours. (Opp'n at 4.)

Finally, the Court will award 2.60 hours incurred on August 9, 2013, August 19, 2013, October 16, 2013, October 18, 2013, and October 25, 2013. These hours were incurred on remand to the Social Security Administration, during which time this Court

retained jurisdiction, and therefore fall within the class of fees for administrative proceedings for which EAJA compensation is available.  (Order (Doc. #11) (remanding the case pursuant to sentence six of 42 U.S.C. § 405(g)).)  The Commissioner does not object to these hours.[10]

### 2.  Motion to Remand

The Commissioner objects to all but 1.20 of the hours Berman incurred in opposing the Commissioner's motion to remand and in objecting to the Magistrate Judge's report and recommendation, arguing the fees are excessive, redundant, and unnecessary.  The Commissioner argues that because she sought remand before answering, Berman was not required to prepare a merits brief in this case.  The Commissioner further argues that Berman applied the incorrect legal standard in her opposition and objection.  The Commissioner asserts that Berman's arguments lacked factual support and were irrelevant to the basis for the Commissioner's request to remand.  The Commissioner also asserts that Berman failed to articulate a theory that would have compelled the Court to award benefits to Berman.  Finally, the Commissioner argues Berman could have avoided these fees by stipulating to remand.

Berman replies that the Commissioner did not have good cause to remand because few decisions by administrative law judges specifically address all of the evidence in an exhibit file, and the missing evidence in this case was not necessarily outcome determinative.  Berman also argues that given the delay that would be occasioned to the case by a remand, that few cases receive favorable decisions on remand, that she had a chance of obtaining benefits from the Court without another round of administrative proceedings, it was not unreasonable for her to oppose the motion to remand or to object to

---

[10] The Commissioner states that she does not object to 2.30 hours incurred on remand. (Opp'n at 6.)  However, time entries to which the Commissioner states she does not object amount to 2.60 hours.  (Id.)

9

the report and recommendation. Finally, Berman argues that if she had failed to object to the Magistrate Judge's report and recommendation, she would have lost the right to appeal.

Given that Berman did not file a merits brief in this case before the Commissioner moved to remand, the Court cannot evaluate whether Berman's expectation of a judicial award of benefits was reasonable. Regardless, if Berman successfully had opposed the Commissioner's motion to remand and had prevailed in this case, it is possible Berman could have obtained a judicial award of benefits from this Court without another round of administrative proceedings and the attendant delay. See 42 U.S.C. § 405(g) (stating that courts may affirm, modify, or reverse a final decision by the Commissioner, with or without remanding the case to the Commissioner for a rehearing). The Court therefore does not find that the hours Berman incurred in opposing the motion to remand and objecting to the report and recommendation were unreasonable, despite the fact Berman was unsuccessful in opposing remand. Thus, the Court will award 20.90 hours incurred between April 2, 2013, and July 30, 2013, related to the motion to remand.

### 3. Redacted Time Entries

The Commissioner argues Berman should not be permitted to recover attorney's fees for various billing entries that have been partially redacted on the grounds that the redactions make the entries' relation to this case unclear. Berman does not reply to the Commissioner's arguments regarding the redactions or provide the Court with unredacted billing entries. The redacted time entries, which mostly consist of entries for conversations between Berman and her attorney, prevent the Court from determining the reasonableness of the work performed. Berman's failure to provide even a general description of the subject matter renders it impossible to assess the reasonableness of these time entries. The Court therefore will deny the portions of the fee application that relate to redacted entries. See Hensley, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."). Specifically, the Court will deduct 4.60 hours

for the redacted entries dated October 24, 2013, November 18, 2013, March 24, 2014, May 16, 2014, May 19, 2014, May 20, 2014, May 22, 2014, and May 24, 2014.

### 4. Post-Stipulation Hours

The Commissioner objects to various time entries recorded after counsel for the parties spoke on October 25, 2013, regarding a proposed stipulation to reopen this case and enter judgment. According to the Commissioner, because these hours were incurred after the parties agreed to reopen this case and enter judgment, these hours are not sufficiently related to the case to be reasonable and are not recoverable under the EAJA. Berman does not specifically respond to the Commissioner's arguments regarding the post-stipulation hours, however, she argues that fees for representation before an administrative agency on remand are compensable under the EAJA if the Court retains jurisdiction.

Although the billing records indicate a stipulation to reopen the case and to enter judgment was discussed by counsel on October 25, 2013, the docket in this case indicates that on October 25, 2013, the parties filed a stipulation for additional time to complete the de novo hearing before the administrative law judge. (Stipulation for Additional Time to Complete Administrate Law Judge Hearing (Doc. #13).) The stipulation to reopen the case and to enter judgment was not filed until nearly five months later, on March 21, 2014. (Stipulation to Reopen Case for Purpose of Entering J. for Pl. (Doc. #17).) Thus, the hours incurred between October 27, 2013, and March 21, 2014, are hours for work done at the administrative level following remand by the district court, and therefore are compensable under the EAJA. See W. Watersheds Project, 677 F.3d at 926-27. The Court therefore will award 4.30 hours incurred between October 27, 2013, and March 21, 2014.[11]

As for the hours incurred after the March 21, 2014 stipulation, the Commissioner does not object to 1.00 of those hours, which were incurred on March 24, 2014, April 28,

---

[11] This does not include the hours incurred on November 18, 2013, as the redactions to this time entry prevent the Court from determining its reasonableness.

2014, May 13, 2014, and May 28, 2014. The Court therefore will award 1.00 hours for those dates. As for the 0.50 hours incurred on April 4, 2014, and May 7, 2014, the Commissioner objects to the hours, and Berman does not provide any argument or evidence indicating that the hours are reasonable. The Court therefore will deduct 0.50 hours for the entries dated April 4, 2014, and May 7, 2014.

5. Summary

This is not the rare case where any of the Kerr factors warrant adjusting the lodestar. The time and labor required are adequately reflected in the lodestar, as are the reasonable hourly rates which the Commissioner does not dispute. Although the Commissioner challenges as unreasonable the number of hours expended, the Court has reviewed each individual billing entry and has made adjustments where appropriate in light of the Commissioner's objections. The Court therefore will award $5,891.74 in EAJA fees based on the lodestar to Berman, calculated as follows:

| Date | Hours | Rate | Fee |
| --- | --- | --- | --- |
| 09/08/12 | 2.20 | $182.91 | $402.40 |
| 01/25/13 | 0.20 | $185.59 | $37.12 |
| 01/28/13 | 0.30 | $185.59 | $55.68 |
| 03/18/13 | 0.20 | $185.59 | $37.12 |
| 04/02/13 | 0.50 | $185.59 | $92.80 |
| 04/19/13 | 8.00 | $185.59 | $1,484.72 |
| 04/24/13 | 0.30 | $185.59 | $55.68 |
| 05/07/13 | 0.50 | $185.59 | $92.80 |
| 05/08/13 | 0.30 | $185.59 | $55.68 |
| 06/19/13 | 4.20 | $185.59 | $779.48 |
| 06/22/13 | 1.30 | $185.59 | $241.27 |
| 06/24/13 | 0.50 | $185.59 | $92.80 |
| 06/25/13 | 2.90 | $185.59 | $538.21 |

12

| | | | |
|---|---|---|---|
| 07/01/13 | 2.20 | $185.59 | $408.30 |
| 07/30/13 | 0.20 | $185.59 | $37.12 |
| 08/09/13 | 0.40 | $185.59 | $74.24 |
| 08/19/13 | 0.30 | $185.59 | $55.68 |
| 08/19/13 | 0.30 | $185.59 | $55.68 |
| 10/16/13 | 1.00 | $185.59 | $185.59 |
| 10/18/13 | 0.40 | $185.59 | $74.24 |
| 10/25/13 | 0.20 | $185.59 | $37.12 |
| 10/27/13 | 0.20 | $185.59 | $37.12 |
| 11/14/13 | 0.70 | $185.59 | $129.91 |
| 01/06/14 | 0.20 | $188.87 | $37.77 |
| 01/30/14 | 0.60 | $188.87 | $113.32 |
| 02/26/14 | 0.40 | $188.87 | $75.55 |
| 02/27/14 | 0.40 | $188.87 | $75.55 |
| 03/04/14 | 1.10 | $188.87 | $207.76 |
| 03/18/14 | 0.30 | $188.87 | $56.66 |
| 03/21/14 | 0.40 | $188.87 | $75.55 |
| 03/24/14 | 0.30 | $188.87 | $56.66 |
| 04/28/14 | 0.30 | $188.87 | $56.66 |
| 05/13/14 | 0.20 | $188.87 | $37.77 |
| 05/28/14 | 0.20 | $188.87 | $37.77 |
| Totals | 31.7 | | $5,891.74 |

///

///

///

///

///

///

**II. SOCIAL SECURITY ACT FEES**

Berman moves for $12,405.48 in attorney's fees pursuant to 42 U.S.C. § 406(b), arguing the Court should approve the fees because they represent the statutory maximum of twenty-five percent of her past-due benefits. Berman entered into a contingency fee agreement with her attorney specifying that the fee for the representation would be twenty-five percent of any past-due benefits recovered. (Appl. for Attorney's Fees, Ex. 1.) The Social Security Administration withheld $12,405.48 for payment of attorney's fees, which is twenty-five percent of Berman's past-due benefits. (Appl. for Attorney's Fees, Ex. 2 at 3, Ex. 4 at ¶ 3.) The Commissioner does not oppose Berman's request for § 406(b) fees.[12]

In Social Security cases, contingency fee agreements not exceeding twenty-five percent of the claimant's past-due benefits are enforceable under § 406(b), subject to the Court's review "to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. In assessing the reasonableness of a contingency fee under § 406(b), the Court first looks to the contingency fee agreement and considers "the character of the representation and the results the representative achieved." Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 808). The Court may adjust the fee downward for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. As to the proportionality of the benefits received to the time spent, the Court may consider the attorney's billing records and normal hourly rate. Id.

Here, the fees Berman requests are reasonable. Berman submits the signed contingency fee agreement, as well as a declaration in which she acknowledges she understands and agrees to the twenty-five percent contingency fee. (Appl. for Attorney's

---

[12] Given that the Commissioner is not a party to the contingency fee agreement in this case, and that § 406(b) fees are paid directly out of a Social Security claimant's past-due benefits, the Commissioner does not have a direct financial stake in Berman's § 406(b) request.

14

Fees, Ex. 1, Ex. 4.) The requested fee is within the twenty-five percent boundary set by § 406(b). Further, no reduction in fees due to substandard performance is warranted. Although Berman's counsel was unsuccessful in opposing remand, Berman ultimately prevailed on remand and was awarded past-due benefits. Berman's attorney did not cause any unnecessary delay resulting in an accumulation of back benefits. In fact, Berman's attorney opposed the Commissioner's motion to remand partly because of the delay it would occasion to the case. Finally, the requested fees are not excessively large in relation to the benefits achieved. As a result of Berman's attorney's efforts, Berman received an award of benefits. The requested fees represent a rate of $391.34 per hour, which is only slightly higher than Berman's attorney's customary hourly rate of $350.00, and is reasonable taking into account the risk Berman's attorney assumed in accepting Berman's case, including the risk that no benefits would be awarded or that there would be significant delays in resolving the case. Thus, the fees do not represent a windfall to Berman's attorney. The Court therefore will award $12,405.48 in attorney's fees to Berman pursuant to § 406(b).

### III. COSTS

Berman requests $350.00 in costs for her filing fee with the Court. The Commissioner does not object to the requested costs. The Court therefore will award Berman $350.00 in costs. See 28 U.S.C. § 2412(d)(1)(A) (providing that a party who meets the eligibility requirements for a fee award is entitled to both attorney's fees and expenses); LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Cherylin F. Berman's Application for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #20) is hereby GRANTED in part and DENIED in

part as set forth more fully in this Order.

IT IS FURTHER ORDERED that the parties shall prepare and file within fifteen (15) days from the date of this Order a joint proposed form of order consistent with the Court's instructions regarding which fees appropriately are included within the award.

IT IS FURTHER ORDERED that the Clerk of Court shall seal Plaintiff Cherylin F. Berman's Application for Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. #20) in its entirety.  Plaintiff Cherylin F. Berman's counsel shall re-file the entire Application, including all exhibits, with appropriate redactions to all exhibits, for the public record in accordance with Special Order No. 108 within fifteen (15) days from the date of this Order.

IT IS FURTHER ORDERED that the Clerk of Court shall unseal all other documents in the case.

IT IS FURTHER ORDERED that the Clerk of Court shall substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for Michael J. Astrue as the Defendant in this case.

DATED: September 29, 2014

_____
PHILIP M. PRO
United States District Judge